UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------X
MONIQUE FEASTER,

       - against -

CITY OF MIDLETOWN, AHMED ARTOLA,
both in his individual and official
capacity, and "JOHN DOES," 1-10, both in
their individual and official capacities, the
identity and number of whom is presently
unknown to the plaintiff.
----------------------------------------------------------X

Docket No.

**COMPLAINT
AND JURY DEMAND**

## PRELIMINARY STATEMENT

1. This is an action for monetary damages (compensatory and punitive) against the City of Middletown, Police Officer Ahmed Artola and John Does arising out of the false arrest and assault and battery of plaintiff.

2. On or about October 31, 2014, Middletown Police Officer Ahmed Artola (hereinafter "Officer Artola" or "Defendant Artola") acting in his individual and/or official capacity, unlawfully and without probable cause seized plaintiff MONIQUE FEASTER (hereinafter "plaintiff") and further did push plaintiff and slammed her chest-first into a vehicle, causing substantial physical injury to plaintiff, as articulated below.

## JURISDICTION

3. This action is brought pursuant to 28 U.S.C. Sections 1331, 42 U.S.C. 1983 and 1985, the Fourth, Fifth, Eighth and Fourteenth Amendments to the U.S. Constitution, the N.Y. State Constitution and under the common law of New York State.

4. The amount in controversy exceeds $75,000 excluding interest and costs.

5. This Court has jurisdiction of the state law claims pursuant to 28 U.S.C. Section 1367(a).

6. Venue is laid within the United States District Court for the Southern District of New York in that defendant is situated within that District and the claims arose in that District.

## PARTIES

7. Plaintiff is a citizen of the United States and at all times relevant hereto resided in the City of New York and State of New York.
8. Defendant City of Middletown was at all times relevant hereto a municipal corporation, and a subdivision of the State of New York, organized and existing pursuant to the Constitution and laws of the State of New York.
9. Defendant City of Middletown is a public employer of the below-mentioned individual defendants.
10. Defendant Ahmed Artola was at all times relevant hereto an employee, agent and/or servant of the Middletown Police Department, and/or City of Middletown. Defendant Artola was at all times relevant to this complaint duly appointed and acting officer of the Middletown Police Department, a subdivision of the City of Middletown.
11. Defendants "John Does" are at all times relevant hereto employees, agents and/or servants of the Middletown Police Department, and/or City of Middletown (collectively, Defendant Artola and Defendants John Does are referred to herein as "individual defendants").
12. At all times mentioned herein, defendants were acting under color of state law, to wit, under color of statutes, regulations, policies, customs and usages of the City of Middletown and State of New York.

## FACTUAL ALLEGATIONS

13. Paragraphs 1 through 12 are incorporated herein by reference.
14. On or about October 31, 2014, at approximately 12:30a.m., plaintiff was operating her motor vehicle on a public street situated within the City of Middletown.
15. As plaintiff approached the intersection of Fulton Street and South Street in Middletown, she was pulled over by Defendant Artola.

16. Upon approaching plaintiff's vehicle, Defendant Artola refused to advise plaintiff why she had been pulled over or what she was doing wrong, despite plaintiff repeatedly requesting said information.

17. After plaintiff initially refused to provide her license until Defendant Artola told her why she was being detained, Defendant Artola demanded that she exit the vehicle. Plaintiff complied and upon exiting the vehicle, offered to provide the license.

18. Instead, Defendant Artola grabbed plaintiff and yanked her out of the vehicle. His physical force had surprised plaintiff, who instinctually reacted by pulling away from his grasp. Defendant Artola then grabbed plaintiff with both hands and slammed her chest-first into her vehicle, causing substantial physical pain and injury to plaintiff.

19. In slamming plaintiff against the vehicle, defendant Artola yelled at plaintiff (then a nearly 47-year-old woman) "now you Dirty Whore you're going to jail."

20. There was no legal cause to justify the use of force against plaintiff and the force used by Defendant Artola against plaintiff was excessive, unnecessary and unreasonable.

21. At no relevant time was plaintiff intoxicated, incapacitated, a threat to the safety of herself or others, or disorderly. She had not, nor at any relevant time did, commit a criminal offense or exhibit any other conduct which gave Defendant Artola authority to use physical force against plaintiff.

22. Defendant Artola had no warrant for the arrest of plaintiff, no probable cause nor reasonable suspicion and no legal cause or excuse to seize the person of the plaintiff.

23. Defendants John Does are Middletown Police Officers, Captains, Sergeants and/or Supervisors, having a supervisory role over Defendant Artola. They knew or should have known about Defendant Artola's unlawful conduct and failed to prevent or remedy the conduct.

24. Additionally, Defendant John Does are Middletown Police Officers who were present as the scene as Officer Artola inflicted excessive force against plaintiff, and failed to intervene to prevent or remedy Defendant Artola's conduct.

25. Defendant Artola arrested plaintiff and charged her with Resisting Arrest, thus instituting prosecution against plaintiff causing additional harm. Said charges were subsequently withdrawn and dismissed by the prosecutor for the City of Middletown.

26. Plaintiff was wrongfully detained on October 31, 2014 for approximately 5 hours.

27. As a result of the false charges, plaintiff was required to meet with court-appointed criminal defense counsel and appear in court on several occasions, and thus plaintiff remained seized throughout the criminal proceeding.

28. As a result of the false charges, plaintiff was suspended from her job pending the results of the criminal prosecution. As a result, plaintiff lost salary and/or benefits and/or the opportunities for promotion.

29. There was no legal cause to justify the detention and/or arrest of plaintiff or the institution of charges against plaintiff.

30. At all times relevant to this Complaint, the conduct of defendants was in willful, reckless and callous disregard of plaintiff's rights under federal and state law.

31. As a directed and proximate result of the conduct of all defendants, plaintiff suffered and continues to suffer physical and psychological harm, pain and suffering, some or all of which may be permanent, and financial losses.

**FIRST CAUSE OF ACTION**
(UNLAWFUL SEIZURE/WARRANTLESS ARREST AGAINST INDIVIDUAL DEFENDANT)

32. Paragraphs 1 through 31 are incorporated herein by reference.

33. The illegal seizure by Defendant Artola of plaintiff, committed intentionally, either with malice or without malice, deprived plaintiff of her right to be free of unreasonable seizures as guaranteed by the Fourth and Fourteen Amendments to the Constitution of the United States and protected under 42 U.S.C. §1983.

**SECOND CAUSE OF ACTION**
(ASSAULT AGAINST INDIVIDUAL DEFENDANT)

34. Paragraphs 1 through 33 are incorporated herein by reference.

35. Defendant Artola intended to place the plaintiff in fear for her physical well-being and safety.

36. Upon approaching plaintiff, said defendant made plaintiff fear for her physical well-being and safety and placed her in apprehension of immediate harmful and/or offensive touching.

37. Said defendant deprived plaintiff of her civil, constitutional, statutory and common law rights and is liable to plaintiff under 42 U.S.C. 1983 and the federal and N.Y. State Constitution.

## THIRD CAUSE OF ACTION
(BATTERY AGAINST INDIVIDUAL DEFENDANT)

38. Paragraphs 1 through 37 are incorporated herein by reference.
39. Defendant Artola intended to cause a harmful or offensive contact with the plaintiff.
40. Said defendant engaged in and subjected plaintiff to immediate harmful and/or offensive touching and battered her.
41. Said defendant used excessive and unnecessary force against plaintiff, causing her to suffer physical injury.

## FOURTH CAUSE OF ACTION
(FALSE ARREST AGAINST INDIVIDUAL DEFENDANT)

42. Paragraphs 1 through 41 are incorporated herein by reference.
43. Defendant Artola illegally arrested plaintiff.

## FIFTH CAUSE OF ACTION
(FALSE IMPRISONMENT AGAINST INDIVIDUAL DEFENDANT)

44. Paragraphs 1 through 43 are incorporated herein by reference.
45. Defendant Artola illegally imprisoned plaintiff.

## SIXTH CAUSE OF ACTION
(42 U.S.C. §1983 CLAIM AGAINST INDIVIDUAL DEFENDANT)

46. Paragraphs 1 through 45 are incorporated herein by reference.
47. As a direct and proximate result of Defendant Artola's conduct, plaintiff suffered violation of her constitutional rights under the Fourth and Fourteenth Amendments to the U.S. Constitution, loss of her physical liberty, physical pain and suffering and emotional trauma and suffering, requiring the expenditure of money for treatment.

48. The actions of Defendant Artola violated clearly established and well-settled constitutional rights of the plaintiff, including freedom from the unreasonable seizure of her person and freedom from the use of excessive, unreasonable and unjustified force against her person.

## SEVENTH CAUSE OF ACTION
(42 U.S.C. §1986 VIOLATIONS)

49. Paragraphs 1 through 48 are incorporated herein by reference.
50. Defendants JOHN DOES [constituting some of the class of "JOHN DOES"] are supervisors of Defendant Artola.
51. Said defendants had the power to prevent harm from coming to plaintiff and/or remedy the harm to plaintiff after it was inflicted.
52. Said defendants knew or should have known of the propensity and/or likelihood that other defendant(s) would inflict harm upon the plaintiff, and were deliberately indifferent in failing to protect plaintiff from such harm.
53. Said defendants were negligent in failing to prevent harm from being inflicted upon plaintiff.
54. As a result of said defendants' conduct, plaintiff suffered harm.
55. Said defendants' conduct was a direct and proximate cause of plaintiff's harm.

## EIGHTH CAUSE OF ACTION
(MUNICIPAL LIABILITY)

56. Paragraphs 1 through 55 are incorporated herein by reference.
57. Defendant City of Middletown is liable for the damages suffered by the plaintiff as a result of the conduct of its employees, agents, and servants and the others whose names and numbers are currently unknown.
58. Defendant City of Middletown knew or should have known of their employees', agents' or servants' propensity to engage in illegal and wrongful acts detailed above.
59. Upon information and belief, Defendant City of Middletown has known about similar prior acts by its employees, agents, and servants, and failed to properly investigate and/or discipline such employees, agents, and servants.

60. Defendant City of Middletown has failed to discipline, train, supervise or otherwise correct improper, illegal conduct of the individual defendants in this and in similar cases involving misconduct.

61. Defendant City of Middletown has encouraged, tolerated, ratified and has been deliberately indifferent to the following policies, patterns, practices and customs, and to the need for more or different training, supervision, investigation, or discipline in the areas of:

   a. Legal cause to stop, detain, arrest and criminally charges a citizen;
   b. The use of force by police officers;
   c. The proper exercise of police powers, including but not limited to the making of an arrest, the use of force, and the bringing of criminal charges;
   d. The monitoring of officers whom it knew or should have known were suffering from emotional and/or psychological problems that impaired their ability to function as officers;
   e. The failure to identify and take remedial or disciplinary action against police officers who were the subject of prior civilian or internal complaints of misconduct;
   f. Police officers' use of their status as police officers to employ the use of force or to achieve ends not reasonably related to their police duties;
   g. The failure of police officers to follow established policies, procedures, directives, and instructions regarding arrests, the use of force, and the institution of criminal charges under such circumstances as presented by this case;
   h. The failure to properly sanction or discipline officers who are aware of and conceal and/or aid and abet violations of constitutional rights of citizens by other Middletown police officers; and
   i. The practice among Middletown police officers of instituting false charges against individuals whom the officers have subjected to unlawful force with the intention of precluding such individuals from instituting civil claims.

62. Defendant City of Middletown has damaged the plaintiff by its failure to properly supervise, train, discipline, review, remove, or correct the illegal and improper acts

of its employees, agents, and servants in this and in similar cases involving misconduct.

**WHEREFORE**, plaintiff demands judgment against the defendants, jointly and severally, as follows:

    A.    Compensatory damages as to all defendants;

    B.    Awarding plaintiff punitive damages as to all defendants;

    C.    Awarding plaintiff reasonable attorneys fees, costs and disbursements of this action; and

    D.    Granting such other and further relief as this Court deems just and proper.

### JURY DEMAND

Plaintiff demands a trial by jury.

Dated: White Plains, New York
       January 28, 2016

David I. Bliven [DB 4867]
Attorney for Plaintiff
445 Hamilton Ave, Ste 607
White Plains, NY 10601
(914) 468-0968
davidbliven@msn.com