UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
MONIQUE FEASTER,

                       Plaintiff,                       **AMENDED ANSWER**

      -against-                                        16 Civ. 00734 (VLB)

CITY OF MIDDLETOWN, AHMED ARTOLA, both in
his individual and official capacity, and "JOHN
DOES," 1-10, both in their individual and official
capacities, the identity and number of whom is presently
unknown to the plaintiff,

                                                               **ECF CASE**

                       Defendants.
-----------------------------------------------------------------X

       Defendants, City of Middletown, Ahmed Artola and John Does 1-10, by their attorney, Alex Smith, Assistant Corporation Counsel of the City of Middletown, answering the Complaint herein, respectfully allege as follows:

       1. Deny all of the allegations contained in paragraphs designated "1", "2", "4", "19", "20", "22", "29", "30", "31", "33", "35", "36", "37", "39", "40", "41", "43", "45", "47", "48", "51", "52", "53", "54", "55", "57", "58", "59", "60", "61" and "62" in the Complaint.

       2. Deny all of the allegations contained in paragraph designated "10" in the Complaint, except admit that at all relevant times Defendant Ahmed Artola was an employee of the City of Middletown and an officer of the Middletown Police Department.

       3. Deny all of the allegations contained in paragraph designated "11" in the Complaint, except admit that at all relevant times Defendants "John Does" were employees of the City of Middletown.

4. Deny all of the allegations contained in paragraph designated "15" in the Complaint, except admit that Officer Artola pulled Plaintiff over just past the intersection of Fulton Street and South Street.

5. Deny all of the allegations contained in paragraph designated "16" in the Complaint, except admit that Officer Artola told Plaintiff that he would explain why she was stopped after Plaintiff provided him with her drivers license.

6. Deny all of the allegations contained in paragraph designated "17" in the Complaint, except admit that Plaintiff exited her vehicle.

7. Deny all of the allegations contained in paragraph designated "18" in the Complaint, except admit that when Plaintiff walked away from Officer Artola after Artola informed her that she would be placed in handcuffs to be taken to the police station, Artola grabbed Plaintiff's left wrist to place her in handcuffs, and when Plaintiff pulled away from Artola, Officer Eric Harget and Artola each grabbed one of Plaintiff's arms and pushed against the car door while putting her hands behind her back.

8. Deny all of the allegations contained in paragraph designated "21" in the Complaint, except admit that Plaintiff was not intoxicated nor incapacitated.

9. Deny all of the allegations contained in paragraph designated "23" in the Complaint, except admit that there was a road sergeant and a lieutenant on duty that night who had supervisory authority over Officer Artola.

10. Deny all of the allegations contained in paragraph designated "24" in the Complaint, except admit that another officer was present at the scene.

11. Deny all of the allegations contained in paragraph designated "25" in the

Complaint, except admit that Officer Artola arrested Plaintiff and charged her with Resisting Arrest and a moving traffic violation, and that the Resisting charge was dismissed in Middletown City Court upon Plaintiff's plea to the moving traffic offense.

12. Deny all of the allegations contained in paragraph designated "26" in the Complaint, except admit that Plaintiff was detained at the police station for approximately 3½ to 4½ hours.

13. Deny all of the allegations contained in paragraph designated "27" in the Complaint, except admit that Plaintiff was required to appear in City Court on several occasions.

14. Deny all of the allegations contained in paragraph designated "28" in the Complaint, except deny knowledge or information sufficient to form a belief as to the allegations regarding Plaintiff's employment.

15. Deny knowledge or information sufficient to form a belief as to all of the allegations contained in paragraphs "7" and "50" in the Complaint.

16. Admit the allegations contained in paragraph designated "3", "5", "6", "8", "9", "12" and "14" in the Complaint.

17. Repeat each and every admission and/or denial made previously in this Answer in response to the allegations contained in paragraphs designated "13", "32", "34", "38", "42", "44", "46", "49" and "56" in the Complaint.

18. Deny the allegations contained in any paragraph in the Complaint not specifically referred to hereinabove.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

19. The Complaint fails to state a cause of action.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

20. The damage claims should be dismissed based upon the protection of common law immunity for discretionary governmental decisions and acts.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

21. Whatever injuries or damages the Plaintiff may have sustained at the time and place mentioned in the Complaint were caused, in whole or part, by the culpable conduct, and/or contributory negligence and/or assumption of risk of Plaintiff. The amount of damages recovered, if any, should be diminished in the proportion that the said conduct, attributable to Plaintiff, bears to the conduct which caused the said damages.

22. Any damages the Plaintiff has herein incurred were caused by virtue of her own willful and intentional assumption of the risk inherent in failing to obey the lawful directions and warnings of the Defendants, and, by virtue of same, any verdict or judgment herein is barred or should be mitigated accordingly.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

23. The Complaint fails to state a claim upon which federal constitutional, statutory, or common law relief may be granted.

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

24. Defendants used only that force which was reasonably necessary to carry out their duties and obligations, and Defendants are therefore entitled to the privileges and immunities, including qualified good faith immunity, provided by the statutory and

common law of the United States and the State of New York.

### AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

25. All actions taken or not taken by Defendants in connection with this case were rationally based upon legitimate criteria and complied in all respects with federal, state and local law.

### AS AND FOR AN SEVENTH AFFIRMATIVE DEFENSE

26. Plaintiff's conviction of the traffic offense in Middletown City Court arising from the subject incident bars her claims for relief under the federal civil rights statutes and New York statutory and common law.

### AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE

27. In bringing any charges or violations against the Plaintiff, Defendants acted in good faith, without malice, and with probable cause to believe that the Plaintiff was committing or had committed one or more crimes, violations or offenses proscribed by statute or ordinance and, by virtue of same, the Defendants are entitled to an absolute or qualified immunity for said acts and any liability resulting therefrom.

### AS AND FOR A NINTH AFFIRMATIVE DEFENSE

28. In their detention and arrest of Plaintiff, Defendants acted in good faith, without malice, and with probable cause to believe that the Plaintiff was committing or had committed one or more crimes, violations or offenses proscribed by statute or ordinance and that Plaintiff was attempting to resist a lawful arrest, and, by virtue of same, the Defendants are entitled to an absolute or qualified immunity for said acts and any liability resulting therefrom.

## AS AND FOR A TENTH AFFIRMATIVE DEFENSE

29. The Complaint fails to allege any *Monell* claim against the City of Middletown or its Police Department.

## AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE

30. The Complaint fails to state a claim or a cause of action under New York constitutional, statutory or common law.

## AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE

31. Defendants do not have and have not implemented any policy which violated any rights of the Plaintiff.

## AS AND FOR A THIRTEENTH AFFIRMATIVE DEFENSE

32. Plaintiff is not entitled to application of the doctrine of *respondeat superior*.

## AS AND FOR A FOURTEENTH AFFIRMATIVE DEFENSE

33. Plaintiff's State law claims and causes of action are barred by the Statute of Limitations.

WHEREFORE, Defendants demand judgment:

1. Dismissing the Complaint;

2. Awarding to Defendants costs, disbursements and reasonable attorney's fees.

Dated: Middletown, New York
       March 9, 2016

_____
ALEX SMITH, ESQ. (AS 5052)

ASSISTANT CORPORATION COUNSEL OF THE CITY
OF MIDDLETOWN
Attorney for Defendants

Middletown City Hall
16 James Street
Middletown, New York 10940
(845) 346-4140

TO:
DAVID BLIVEN, ESQ.
Attorney for Plaintiff
445 Hamilton Avenue, Suite 607
White Plains, New York 10601
(914) 468-0968