UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------X
MONIQUE FEASTER,

    - against -

CITY OF MIDLETOWN, AHMED ARTOLA, both in his individual and official capacity, ERIC HARGET, both in his individual and official capacity, SGT. JOSEPH TOBIN, both in his individual and official capacity, and "JOHN DOES," 1-10, both in their individual and official capacities, the identity and number of whom is presently unknown to the plaintiff.
----------------------------------------------------------X

Docket No. 7:16-cv-00734-VB

**AMENDED COMPLAINT AND JURY DEMAND**

## PRELIMINARY STATEMENT

1. This is an action for monetary damages (compensatory and punitive) against the City of Middletown, Police Officer Ahmed Artola, Police Officer Eric Harget, Sgt. Joseph Tobin and John Does arising out of the false arrest and assault and battery of plaintiff.

2. On or about October 31, 2014, Middletown Police Officer Ahmed Artola (hereinafter "Officer Artola" or "Defendant Artola") and Police Officer Eric Harget (hereinafter "Officer Harget" or Defendant "Harget") acting in their individual and/or official capacity, unlawfully and without probable cause seized plaintiff MONIQUE FEASTER (hereinafter "plaintiff") and further did push plaintiff and slammed her chest-first into a vehicle, causing substantial physical injury to plaintiff, as articulated below.

## JURISDICTION

3. This action is brought pursuant to 28 U.S.C. Sections 1331, 42 U.S.C. 1983 and 1985, the Fourth, Fifth, Eighth and Fourteenth Amendments to the U.S. Constitution, the N.Y. State Constitution and under the common law of New York State.

4. The amount in controversy exceeds $75,000 excluding interest and costs.

5. This Court has jurisdiction of the state law claims pursuant to 28 U.S.C. Section 1367(a).
6. Venue is laid within the United States District Court for the Southern District of New York in that defendant is situated within that District and the claims arose in that District.

## PARTIES

7. Plaintiff is a citizen of the United States and at all times relevant hereto resided in the State of New York.
8. Defendant City of Middletown was at all times relevant hereto a municipal corporation, and a subdivision of the State of New York, organized and existing pursuant to the Constitution and laws of the State of New York.
9. Defendant City of Middletown is a public employer of the below-mentioned individual defendants.
10. Defendants Ahmed Artola, Eric Harget and Sgt. Joseph Tobin were at all times relevant hereto employees, agents and/or servants of the Middletown Police Department, and/or City of Middletown.
11. Defendants "John Does" are at all times relevant hereto employees, agents and/or servants of the Middletown Police Department, and/or City of Middletown (collectively, Defendants Artola, Harget, Sgt. Joseph Tobin and Defendants John Does are referred to herein as "individual defendants").
12. At all times mentioned herein, defendants were acting under color of state law, to wit, under color of statutes, regulations, policies, customs and usages of the City of Middletown and State of New York.

## FACTUAL ALLEGATIONS

13. Paragraphs 1 through 12 are incorporated herein by reference.
14. On or about October 31, 2014, at approximately 12:30a.m., plaintiff was operating her motor vehicle on a public street situated within the City of Middletown.
15. As plaintiff approached the intersection of Fulton Street and South Street in Middletown, she was pulled over by Defendant Artola.

16. Upon approaching plaintiff's vehicle, Defendant Artola refused to advise plaintiff why she had been pulled over or what she was doing wrong, despite plaintiff repeatedly requesting said information.

17. After plaintiff initially refused to provide her license until Defendant Artola told her why she was being detained, Defendant Artola demanded that she exit the vehicle. Plaintiff complied and upon exiting the vehicle, offered to provide the license.

18. Defendant Harget arrived on the scene to assist Defendant Artola.

19. Defendant Artola grabbed plaintiff and yanked her out of the vehicle. His physical force had surprised plaintiff, who instinctually reacted by pulling away from his grasp. Defendant Artola then grabbed plaintiff with both hands, while Defendant Harget grabbed her right arm, and slammed her chest-first into her vehicle, causing substantial physical pain and injury to plaintiff.

20. In slamming plaintiff against the vehicle, Defendant Artola yelled at plaintiff (then a nearly 47-year-old woman) "now you Dirty Whore you're going to jail."

21. There was no legal cause to justify the use of force against plaintiff and the force used by Defendants Artola and Harget against plaintiff was excessive, unnecessary and unreasonable.

22. At no relevant time was plaintiff intoxicated, incapacitated, a threat to the safety of herself or others, or disorderly. She had not, nor at any relevant time did, commit a criminal offense or exhibit any other conduct which gave Defendants Artola and Harget authority to use physical force against plaintiff.

23. Defendants Artola and Defendant Harget had no warrant for the arrest of plaintiff, no probable cause nor reasonable suspicion and no legal cause or excuse to seize the person of the plaintiff.

24. Defendant Tobin and Defendants John Does are Middletown Police Officers, Captains, Sergeants and/or Supervisors, having a supervisory role over Defendants Artola and Harget. They knew or should have known about Defendants Artola and Harget's unlawful conduct and failed to prevent or remedy the conduct.

25. Additionally, Defendant Harget and Defendant John Does are Middletown Police Officers who were present as the scene as Officer Artola inflicted excessive force against plaintiff, and failed to intervene to prevent or remedy Defendant Artola's conduct.

26. Defendant Artola and/or Office Harget arrested plaintiff and charged her with Resisting Arrest, thus instituting prosecution against plaintiff causing additional harm. Said charges were subsequently withdrawn and dismissed by the prosecutor for the City of Middletown.

27. Plaintiff was wrongfully detained on October 31, 2014 for approximately 5 hours.

28. As a result of the false charges, plaintiff was required to meet with court-appointed criminal defense counsel and appear in court on several occasions, and thus plaintiff remained seized throughout the criminal proceeding.

29. As a result of the false charges, and upon information and belief, plaintiff was suspended from her job for at least thirty (30) days without pay pending the results of the criminal prosecution. As a result, plaintiff lost salary and/or benefits and/or the opportunities for promotion. This is the equivalent to approximately $2,000 in pay as well as loss of a bonus otherwise due to her of approximately $800.

30. There was no legal cause to justify the detention and/or arrest of plaintiff or the institution of charges against plaintiff.

31. At all times relevant to this Complaint, the conduct of defendants was in willful, reckless and callous disregard of plaintiff's rights under federal and state law.

32. As a directed and proximate result of the conduct of all defendants, plaintiff suffered and continues to suffer physical and psychological harm, pain and suffering, some or all of which may be permanent, and financial losses.

## FIRST CAUSE OF ACTION
(FALSE ARREST AGAINST INDIVIDUAL DEFENDANTS)

33. Paragraphs 1 through 32 are incorporated herein by reference.

34. The illegal seizure by Defendants Artola and Harget of plaintiff, committed intentionally, either with malice or without malice, deprived plaintiff of her right to be free of unreasonable seizures as guaranteed by the Fourth and Fourteen Amendments to the Constitution of the United States and protected under 42 U.S.C. §1983.

## SECOND CAUSE OF ACTION
(EXCESSIVE FORCE AGAINST INDIVIDUAL DEFENDANTS)

4

35. Paragraphs 1 through 34 are incorporated herein by reference.
36. Defendants Artola and Harget intended to place the plaintiff in fear for her physical well-being and safety.
37. Upon approaching plaintiff, said defendants made plaintiff fear for her physical well-being and safety and placed her in apprehension of immediate harmful and/or offensive touching.
38. Said Defendants intended to cause a harmful or offensive contact with the plaintiff.
39. Said defendants engaged in and subjected plaintiff to immediate harmful and/or offensive touching and battered her.
40. Such threatened and/or actual offensive contact with plaintiff constituted excessive force given the circumstances.
41. The actions of said defendants constitute the torts of assault, battery and excessive force pursuant to the Fourth and Fourteenth Amendments to the U.S. Constitution, the New York State Constitution and the laws and common laws of the state of New York.

## THIRD CAUSE OF ACTION
(SUPERVISORY LIABILITY – FAILURE TO INTERVENE)

42. Paragraphs 1 through 41 are incorporated herein by reference.
43. Defendant Tobin was present at the scene of the excessive force and false arrest of plaintiff, and acquiesced to Defendant Artola and Harget's wrongful conduct.
44. Said Defendant had the power to prevent harm from coming to plaintiff and/or remedy the harm to plaintiff after it was inflicted.
45. Said Defendant knew or should have known of the propensity and/or likelihood that other defendant(s) would inflict harm upon the plaintiff, and was deliberately indifferent in failing to protect plaintiff from such harm.
46. Said defendant was negligent in failing to prevent harm from being inflicted upon plaintiff.
47. As a result of said defendants' conduct, plaintiff suffered harm.
48. Said defendants' conduct was a direct and proximate cause of plaintiff's harm and is liable to plaintiff pursuant to 42 U.S.C. 1983 and the New York State Constitution and the laws and common laws of the state of New York.

## FOURTH CAUSE OF ACTION
(MUNICIPAL LIABILITY)

49. Paragraphs 1 through 48 are incorporated herein by reference.

50. Defendant City of Middletown is liable for the damages suffered by the plaintiff as a result of the conduct of its employees, agents, and servants and the others whose names and numbers are currently unknown.

51. Specifically, upon information and belief, the Police Department of the City of Middletown conducted "in-service training" for its officers in how to deal with uncooperative subjects on a vehicle stop who refuse requests for information and identification.

    - This training was conducted relatively proximate to the events described above.
    - Upon information and belief, there was no test or examination conducted at the end of said training to gage whether the officers present actually paid attention and/or absorbed the information provided.
    - Moreover, it is apparent by virtue of the wrongful conduct by Defendants Artola and Harget, that said training (nor any other training which the City provided or could have provided) either did provide, or inadequately provided, education as to when force may be used, as well as the law that any force which is not justified by the circumstances is excessive.

52. Additionally, Defendant City of Middletown has failed to discipline, train, supervise or otherwise correct improper, illegal conduct of the individual defendants in this and in similar cases involving misconduct.

    - On the date of the alleged incident, plaintiff sought to file a complaint at the Police Department, but was met with hostility by the Officer she confront (upon information and belief, Sgt. Joseph Tobin). At first, Sgt. Tobin refused to give plaintiff a complaint form. Plaintiff had to argue with Sgt. Tobin just to get it. Sgt. Tobin then made her wait several minutes, came back in the room and slammed the complaint form on the desk, while displaying a hostile attitude. Sgt. Tobin then remarked to plaintiff that he wasn't going to

6

   investigate her complaint because, in his view, a cop slamming her up against police vehicle is "not an assault."
   - Upon information and belief, there is no independent body within the City of Middletown to investigate complaints of police misconduct (e.g., a Civilian Complaint Review Board). As such, the only theoretical "investigation" of police misconduct complaints are conducted by a particular officer's co-workers and supervisors.
   - In the instant case, no one from the City of Middletown Police Department ever communicated with plaintiff regarding her complaint. No one ever conducted an interview of her to "get her side of the story."
   - Indeed, Lt. John Ewanciw proceeded to assign the investigation of plaintiff's complaint back to Sgt. Tobin, the same officer who initially refused to even provide the complaint form to plaintiff and who vowed not to conduct a proper investigation. This was also the same officer who was present at the scene and thus ratified Defendant Artola and Harget's conduct at the time.

53. By virtue of failing to have a policy for an adequate and independent investigation of allegations of police misconduct, and failing to have adequate training for its officers, Defendant City of Middletown has encouraged, tolerated, ratified and has been deliberately indifferent to the following policies, patterns, practices and customs, and to the need for more or different training, supervision, investigation, or discipline in the areas of:
   a. Legal cause to stop, detain, arrest and criminally charges a citizen;
   b. The use of force by police officers;
   c. The proper exercise of police powers, including but not limited to the making of an arrest, the use of force, and the bringing of criminal charges;
   d. The monitoring of officers whom it knew or should have known were suffering from emotional and/or psychological problems that impaired their ability to function as officers;
   e. The failure to identify and take remedial or disciplinary action against police officers who were the subject of prior civilian or internal complaints of misconduct;

7

f. Police officers' use of their status as police officers to employ the use of force or to achieve ends not reasonably related to their police duties;

g. The failure of police officers to follow established policies, procedures, directives, and instructions regarding arrests, the use of force, and the institution of criminal charges under such circumstances as presented by this case;

h. The failure to properly sanction or discipline officers who are aware of and conceal and/or aid and abet violations of constitutional rights of citizens by other Middletown police officers; and

i. The practice among Middletown police officers of instituting false charges against individuals whom the officers have subjected to unlawful force with the intention of precluding such individuals from instituting civil claims.

**WHEREFORE**, plaintiff demands judgment against the defendants, jointly and severally, as follows:

    A.    Compensatory damages as to all defendants;

    B.    Awarding plaintiff punitive damages as to all defendants;

    C.    Awarding plaintiff reasonable attorneys fees, costs and disbursements of this action; and

    D.    Granting such other and further relief as this Court deems just and proper.

### JURY DEMAND

Plaintiff demands a trial by jury.

Dated: White Plains, New York
May 23, 2016

David I. Bliven [DB 4867]
Attorney for Plaintiff
445 Hamilton Ave, Ste 607
White Plains, NY 10601
(914) 468-0968
davidbliven@msn.com

8