UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------------X
MONIQUE FEASTER,

                         Plaintiffs,


          - against-                                          7:16-cv-00734 (VLB)


CITY OF MIDDLETOWN, AHMED ARTOLA,
both in his individual and official capacity, and
"JOHN DOES," 1-10, both in their individual and
official capacities, the identity and number of whom
is presently unknown to the plaintiff.


                         Defendants,
---------------------------------------------------------------------X




## MEMORANDUM OF LAW IN SUPPORT OF DEENDANTS' MOTION TO DISMISS THE FIRST AMENDED COMPLAINT PURSUANT TO FED.R.CIV.PROC. 12(c)



ALEX SMITH (AS 5052)
Assistant Corporation Counsel of the
City of Middletown
Attorney for Defendants
16 James Street
Middletown, NY 10940

ROBERT N. ISSEKS (RNI 0241)
Of Counsel
6 North Street
Middletown, New York 10940
(845) 344-4322

## **TABLE OF CONTENTS**

TABLE OF AUTHORITIES …………………………………………………....  ii

PRELIMINARY STATEMENT …………………………………………………...  1

THE ALLEGATIONS IN THE PLEADING ………………………………….….  1

    1.  The Individual Defendants …………………………………………...  1

    2.  The Municipal Defendant …………………………………………….  1

STANDARD ON THE MOTION …………………………………………………  5

ARGUMENT …………………………………………………………………  6

Point 1
The First Amended Complaint fails to state a Claim for False Arrest ………...…  6

Point 2
The Complaint fails to state a Claim for Excessive Force ………………………  8

Point 3
The Complaint fails to state a *Monell* Claim …………………………………...  10

Point 4
The FAC's State-Law Claims must be dismissed for Failure to
Comply with NYS General Municipal Law §50-e ………………………….  13

CONCLUSION ……………………………………………………………………...  17

i.

## <u>TABLE OF AUTHORITIES</u>

**Cases:**

*Abreu v. City of New York*, 657 F.Supp.2d 357 (E.D.N.Y. 2009) ……………….....  13, 17

*Albright v. Oliver,* 510 U.S. 266 (1994) ……………………………………………...  6

*Alsaidi v. City of New York*, No. 12-CV-5771 PKC, 2013 WL 4052880 (E.D.N.Y. 2013) …...  16

*Alvarez v. City of New York*, 134 A.D.3d 599 (1st Dept. 2015) …………………...  16, 17

*Ashcroft v. Iqbal,* 556 U.S. 662 (2009) …………………………………………………  6

*Barratt v. Joie*, 2002 WL 335014 (S.D.N.Y. 2002) …………………………………..  9

*Bell Atlantic Corp. v. Twombly,* 550 U.S. 544 (2007) …………………………………  6

*Blue Tree Hotels Inv. (Can.), Ltd. v. Starwood Hotels & Resorts Worldwide, Inc.,*
369 F.3d 212 (2d Cir. 2004) ……………………………………………………….…  6

*Bradley v. City of New York,* 2009 WL 1703237 (E.D.N.Y. 2009) ……………………  12

*People v. Bulgin*, 29 Misc. 3d 286 (Sup. Ct. 2010) ……………………………………..  7

*Cameron v. Fogarty*, 806 F.2d 380, 388 (2d Cir. 1986) ………………………………...  8

*Chamberlain v. City of White Plains,* 986 F.Supp.2d 363 (S.D.N.Y. 2013) …………..…  14

*Clayton v. City of New York*, 596 F.Supp. 355 (S.D.N.Y. 1984) ………………………  12

*Cooper v. Pate*, 378 U.S. 546 (1964) …………………………………………………  6

*DC v. Valley Cent. Sch. Dist .,* 2011 WL 3480389 (S.D.N.Y. 2011) …………………  14

*In re Dayton*, 786 F.Supp.2d 809 (S.D.N.Y. 2011) …………………………………  13

*DeCarlo v. Fry,* 141 F.3d 56 (2d Cir. 1998) …………………………………………...  12

*DiRuzza v. Vill. of Mamaroneck, N.Y.*, No. 14 CV 1776 VB,
2014 WL 6670101 (S.D.N.Y. 2014) ……………………………………...  14, 15, 16, 17

*Dwares v. City of New York,* 985 F.2d 94 (2d Cir.1993) …………………………… 11

*Easton v. Sundram,* 947 F.2d 1011 (2d Cir. 1991) …………………………………... 6

*Evans v. Solomon*, 681 F. Supp. 2d 233 (E.D.N.Y. 2010) ……………………… 8

*Feurtado v. Gillespie,* 2005 WL 3088327 (E.D.N.Y. 2005) ………………………… 7, 8

*Figueroa v. Mazza*, No. 14-4116-CV, 2016 WL 3126772 (2d Cir. June 3, 2016) …….. 9

*Frigerio v. United States,* 2011 WL 3163330 (S.D.N.Y. July 22, 2011) ……………… 6

*Graham v. Connor,* 490 U.S. 386 (1989) …………………………………………… 9

*People v. Griffin,* 116 Misc.2d 751 (Sup.Ct.1982) …………………………………... 8

*Hardy v. N.Y.C. Health & Hosps. Corp.,* 164 F.3d 789 (2d Cir.1999) …………… 13, 14

*Hayes v. Cty. of Sullivan*, 853 F. Supp. 2d 400 (S.D.N.Y. 2012) …………………… 6, 8

*Holmes v. City of New York*, 132 A.D.3d 952 (2d Dept. 2015) ………………….…… 16

*Irish v. City of New York,* 2010 WL 5065896 (S.D.N.Y. 2010) ……………………… 11

*Jean v. City of New York*, 2009 WL 3459469 (E.D.N.Y. 2009) ……………………… 11

*Johnson v. Glick,* 481 F.2d 1028 (2d Cir.1973) …………………………………… 9

*Jones v. Parmley,* 465 F.3d 46 (2d Cir. 2006) …………………………………….. 9

*Kennedy v. City of Albany*, 2015 WL 6394513 (N.D.N.Y. 2015) ………………… 14, 16

*Kramer v. Time Warner Inc.,* 937 F.2d 767 (2d Cir. 1991) …………………….…… 6

*Lennon v. Miller*, 66 F.3d 416 (2d Cir. 1995) ……………………………………… 10

*McColley v. Cty. of Rensselaer*, 2012 WL 1589022 (N.D.N.Y. 2012) ……………... 9, 10

*McLaurin v. New Rochelle Police Officers,* 439 Fed.Appx. 38 (2d Cir. 2011) ………… 8

iii.

*Minasi v. City of Utica, N.Y.,* 2011 WL 6842988 (N.D.N.Y. 2011) …………………… 9

*Monell v. Department of Social Services of the City of New York,*
436 U.S. 658 (1978) ………………………………………………………… 11, 12, 13

*Morpurgo v. Incorporated Village of Sag Harbor,* 2010 WL 889778
(E.D.N.Y. 2010) …………………………………………………………….. 13

*Oklahoma City v. Tuttle,* 471 U.S. 808 (1985) ………………………………………... 11

*Matter of Rattner v. Planning Commn. of Vil. of Pleasantville,*
156 A.D.2d 521 (2d Dept. 1989) …………………………………………………… 16

*Rincon v. City of New York,* 2005 WL 646080 (S.D.N.Y. Mar.21, 2005) …………….. 10

*Santos v. New York City,* 847 F. Supp. 2d 573 (S.D.N.Y. 2012) ……………………… 11

*Schafer v. Hicksville Union Free Sch. Dist.,* 2011 WL 1322903
(E.D.N.Y. March 31, 2011) …………………………………………………………… 15

*Singer v. Fulton Cnty. Sheriff,* 63 F.3d 110 (2d Cir. 1995) ……………………………. 7

*Sulkowska v. City of New York,* 129 F. Supp. 2d 274 (S.D.N.Y. 2001) ………………. 10

*Tannenbaum v. City of N.Y.,* 30 A.D.3d 357 (1st Dept. 2006) …………………… 14, 16

*Taylor v. Vermont Dep't of Educ.,* 313 F.3d 768 (2d Cir. 2002) ………………………. 6

*United States v. Scopo,* 19 F.3d 777 (2d Cir. 1994) …………………………………… 7

*Walker v. City of New York,* 974 F.2d 293 (2d Cir. 1992) …………………………….. 11

*Wang v. Vahldieck,* No. 09–CV–3783, 2012 WL 92423 (E.D.N.Y. Jan. 9, 2012) …….. 8

*White v. Averill Park Cent. Sch. Dist.,* 195 Misc.2d 409
(Sup.Ct. Rensselaer Co. 2003) ………………………………………..…… 14, 15

*Williams v. Bank of New York Mellon Trust Co.,* 2015 WL 430290
(E.D.N.Y. 2015) ……………………………………………………………… 6

iv.

**Other Authorities:**

N.Y. Gen. Mun. L. §§ 50 …………………………………………………………....  17

N.Y. Laws, c. 339.  Section 129 ……………………………………………………...  4

N.Y.S. Crim. Proc. Law §140.10(1) …………………………………………………  7

NYS Veh. & Traf. Law §155 …………………………………………………………  7

NYS Vehicle & Traffic Law §1128 0(c) ……………………………………………..  7

v.

## PRELIMINARY STATEMENT

This Memorandum of Law is submitted on behalf of the Defendants City of Middletown, Ahmed Artola, Eric Harget, Sgt. Joseph Tobin and John Does 1-10 in support of their motion to dismiss the First Amended Complaint pursuant to Fed.R.Civ.Proc. 12(c).

## THE ALLEGATIONS IN THE PLEADING

### 1. The Individual Defendants

Plaintiff alleges that on October 31, 2014, at approximately 12:30 a.m., she was operating her motor vehicle and approaching the intersection of Fulton Street and South Street in the City of Middletown when she was pulled over by Defendant Artola. First Amended Complaint (FAC), at ¶¶14-15.  Upon approaching plaintiff's vehicle, Artola refused to advise plaintiff why she had been pulled over or what she was doing wrong, despite plaintiff repeatedly requesting that information. FAC, at ¶16.  After plaintiff initially refused to provide her license until Artola told her why she was being detained, Artola demanded that she exit the vehicle, plaintiff complied and upon exiting the vehicle offered to provide the license. FAC, at ¶17

Defendant Harget arrived on the scene to assist Artola. FAC, at ¶18.  "Artola grabbed plaintiff and yanked her out of the vehicle.  His physical force had surprised plaintiff, who instinctually reacted by pulling away from his grasp."  Artola then grabbed plaintiff with both hands while Harget grabbed her right arm and slammed her chest-first into her vehicle, causing substantial physical pain and injury to plaintiff. FAC, at ¶19.  In

slamming plaintiff against the vehicle, Artola yelled at plaintiff, "Now you Dirty Whore you're going to jail." FAC, at ¶20.

Plaintiff claims that there was no legal cause to justify the use of force against her and that the force used by Artola and Harget was excessive, unnecessary and unreasonable. FAC, at ¶21.  Plaintiff alleges that she was not intoxicated, incapacitated, a safety threat or disorderly nor had she committed any crime or other conduct which would give Artola and Harget authority to use physical force against her. FAC, at ¶22. There was no warrant for plaintiff's arrest and she claims that there was "no probable cause nor reasonable suspicion and no legal cause or excuse to seize the person of the plaintiff." FAC, at ¶23.

Plaintiff alleges that Defendant Tobin and unnamed Captains, Sergeants and/or Supervisors in the Middletown Police Department, had a supervisory role over Artola and Harget and knew or should have known about Artola's and Harget's unlawful conduct and failed to prevent or remedy that conduct. FAC, at ¶24.  Additionally, plaintiff claims that Harget and unnamed officers at the scene as Artola was inflicting excessive force against plaintiff failed to intervene to prevent or remedy Artola's conduct. FAC, at ¶25.

Plaintiff alleges that Artola and/or Harget arrested her and charged her with resisting arrest, thus instituting prosecution against plaintiff causing additional harm. FAC, at ¶26.  Plaintiff claims that there was no legal cause to justify her detention and/or arrest or the institution of charges against her, FAC, at ¶30, which were subsequently withdrawn and dismissed by the prosecutor for the City of Middletown. FAC, at ¶26.

Plaintiff claims that she was wrongfully detained on October 31, 2014 for approximately 5 hours, FAC, at ¶27, and that as a result of the false charges she was required to meet with court-appointed criminal defense counsel and appear in court on several occasions "and thus . . . remained seized throughout the criminal proceeding." FAC, at ¶28.

Plaintiff alleges that she was suspended from her job without pay for thirty days because of the criminal prosecution and also lost benefits and/or the opportunities for promotion. Plaintiff claims to have lost about $2,000 in pay and a bonus of about $800. FAC, at ¶29.

Plaintiff claims that the defendants' conduct was "willful" and "reckless" and with "callous disregard" of her state and federal rights and that she continues to endure possibly permanent physical and psychological harm, pain and suffering. FAC, at ¶31.

### 2. The Municipal Defendant

As to the City's *Monell* liability, plaintiff alleges that (1) the City's Police Department conducted "in-service training" for its officers in how to deal with uncooperative subjects on a vehicle stop who refuse requests for information and identification, (2) this training was conducted relatively proximate to plaintiff's arrest and (3) there was no test or examination conducted at the end of the training to gauge whether the officers present actually paid attention and/or absorbed the information provided. FAC, at ¶51. Plaintiff alleges that the training provided by the Police Department did not adequately educate Artola and Harget "as to when force may be used, as well as the law that any force which is not justified by the circumstances is excessive." FAC, at ¶51.

3

Plaintiff also alleges that the City "has failed to discipline, train, supervise or otherwise correct improper, illegal conduct of the individual defendants in this and in similar cases involving misconduct." FAC, at ¶52.  To support this claim, plaintiff alleges that on the day of her arrest when she sought to file a complaint at the Police Department, she was met with hostility by the officer she confronted (Sgt. Tobin), who at first refused to give plaintiff a complaint form and then, after a couple of minutes, slammed the form on the desk and said he wasn't going to investigate plaintiff's complaint because, in his view, "a cop slamming her up against police vehicle is 'not an assault.'" FAC, at ¶52. Plaintiff further alleges that there is no independent body within the City of Middletown to investigate complaints of police misconduct;[1] no one from the Police Department ever communicated with or interviewed plaintiff regarding her complaint; Lt. John Ewanciw proceeded to assign the investigation of plaintiff's complaint back to Tobin, "the same officer who was present at the scene and thus ratified Defendant Artola and Harget's conduct at the time." FAC, at ¶52.

Plaintiff also alleges that by "failing to have a policy for an adequate and independent investigation of allegations of police misconduct, and failing to have adequate training for its officers," the City "has encouraged, tolerated, ratified and has

---

[1] This allegation is blatantly false.  Title VII of the Middletown City Charter (Isseks Declaration, Exhibit A) established a five-member Board of Police Commissioners to supervise the police force; the Mayor, an elected official, is a member and president of the Board.  The other four members are appointed by the Mayor and confirmed by the City's Common Council.  The Police Commission is in essence a civilian review board.  Section 129 of Title VII of the Charter was enacted in 1942 and codified by the State Legislature in 1942. N.Y. Laws, c. 339.  Section 129 gives the Board full disciplinary powers over the police force.

been deliberately indifferent to the following policies, patterns, practices and customs, and to the need for more or different training, supervision, investigation, or discipline in the areas of: a. Legal cause to stop, detain, arrest and criminally charges a citizen; b. The use of force by police officers; c. The proper exercise of police powers, including but not limited to the making of an arrest, the use of force, and the bringing of criminal charges; d. The monitoring of officers whom it knew or should have known were suffering from emotional and/or psychological problems that impaired their ability to function as officers; e. The failure to identify and take remedial or disciplinary action against police officers who were the subject of prior civilian or internal complaints of misconduct; f. Police officers' use of their status as police officers to employ the use of force or to achieve ends not reasonably related to their police duties; g. The failure of police officers to follow established policies, procedures, directives, and instructions regarding arrests, the use of force, and the institution of criminal charges under such circumstances as presented by this case; h. The failure to properly sanction or discipline officers who are aware of and conceal and/or aid and abet violations of constitutional rights of citizens by other Middletown police officers; and i. The practice among Middletown police officers of instituting false charges against individuals whom the officers have subjected to unlawful force with the intention of precluding such individuals from instituting civil claims." FAC, at ¶53.

## STANDARD ON THE MOTION

"The standard of review on a motion made pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure is that a plaintiff plead sufficient facts 'to state a claim

for relief that is plausible on its face.'" *Williams v. Bank of New York Mellon Trust Co.*, 2015 WL 430290, at *3 (E.D.N.Y. 2015), *quoting Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007). "A claim has 'facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Williams*, 2015 WL 430290, at *3, *quoting Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009). The pleading should be read in the light most favorable to the non-moving party and the plaintiff's allegations as to the material facts should be taken as true. *Albright v. Oliver,* 510 U.S. 266, 267 (1994); *Cooper v. Pate,* 378 U.S. 546 (1964); *Easton v. Sundram,* 947 F.2d 1011, 1014-15 (2d Cir. 1991).

The court generally must limit its analysis "to the facts stated in the complaint or in documents attached to the complaint as exhibits or incorporated in the complaint by reference." *Kramer v. Time Warner Inc.,* 937 F.2d 767, 773 (2d Cir. 1991). However, the court may consider public records in deciding a motion to dismiss, even if that document was not incorporated in the complaint by reference. *Taylor v. Vermont Dep't of Educ.,* 313 F.3d 768, 776 (2d Cir. 2002); *Blue Tree Hotels Inv. (Can.), Ltd. v. Starwood Hotels & Resorts Worldwide, Inc.,* 369 F.3d 212, 217 (2d Cir. 2004).

## ARGUMENT

### Point 1
### The First Amended Complaint fails to state a Claim for False Arrest

Probable cause for arrest is "a complete defense to a claim of false arrest, whether the claim is brought under §1983 or New York law." *Hayes v. Cty. of Sullivan*, 853 F. Supp. 2d 400, 427-28 (S.D.N.Y. 2012), *citing*, *inter alia*, *Frigerio v. United States,* 2011

6

WL 3163330, at *8 (S.D.N.Y. July 22, 2011) ("the existence of probable cause is an absolute defense to a false arrest claim"); *Feurtado v. Gillespie,* 2005 WL 3088327, at *4 (E.D.N.Y. 2005) ("A showing of probable cause . . . will defeat a false arrest claim as a matter of law as '[t]here can be no federal civil rights claim for false arrest where the arresting officer had probable cause.'"), *quoting Singer v. Fulton Cnty. Sheriff,* 63 F.3d 110, 118–19 (2d Cir. 1995).

The law in New York is clear that "a police officer may arrest a person for . . . [a]ny offense when he or she has reasonable cause to believe that such person has committed such offense in his or her presence." N.Y.S. Crim. Proc. Law §140.10(1). It is equally clear that a traffic infraction is an "offense" under CPL §140. *See*, NYS Veh. & Traf. Law §155 ("For purposes of arrest without a warrant, pursuant to article one hundred forty of the criminal procedure law, a traffic infraction shall be deemed an offense.").[2]

One of the offenses for which Feaster was arrested was Failed to use Designated Lane in violation of NYS Vehicle & Traffic Law §1128 0(c). As evidenced by the Middletown City Court's Certificate of Disposition (Isseks Declaration, Exhibit B), on November 24, 2014 Feaster pled guilty to that offense. By virtue of that conviction

---

[2] *See*, *also*, *United States v. Scopo*, 19 F.3d 777, 782 (2d Cir. 1994) ("The fact that the police chose to wait until Scopo stopped at an intersection to arrest him, or that traffic arrests were not necessarily part of their usual duties as a unit created to monitor organized crime activities, does not negate the fact that they directly observed Scopo violating the traffic laws and thus had probable cause to arrest him."); *People v. Bulgin*, 29 Misc. 3d 286, 296-97 (Sup. Ct. 2010) ("These statutes . . . give the police the option to arrest a motorist who commits a traffic infraction in their presence.").

plaintiff is precluded from arguing that the defendants lacked probable cause for her arrest.  *See*, *Hayes*, 853 F. Supp. 2d at 427-28 (S.D.N.Y. 2012) ("When a Section 1983 plaintiff . . . pleads guilty to the underlying or a lesser charge, th[is] fact[ ] *alone* provide[s] sufficient evidence that probable cause existed at the time of the arrest and preclude[s] a false arrest claim under Section 1983."), *quoting Feurtado,* 2005 WL 3088327, at *4 (emphasis in original); *see also McLaurin v. New Rochelle Police Officers,* 439 Fed.Appx. 38, 39 (2d Cir. 2011) (summary judgment on false arrest claims granted "on the ground that Appellant's conviction established probable cause for the arrest as a matter of law"); *Wang v. Vahldieck,* No. 09–CV–3783, 2012 WL 92423, at *4 (E.D.N.Y. Jan. 9, 2012) ("A 'plaintiff can under no circumstances recover [on a claim for false arrest] if he was convicted of the offense for which he was arrested.'"), *quoting Cameron v. Fogarty*, 806 F.2d 380, 388 (2d Cir. 1986).

Since the defendant officers had probable cause to arrest plaintiff as a matter of law plaintiff cannot state a §1983 or common law claim for false arrest.[3]

### Point 2
### The Complaint fails to state a Claim for Excessive Force

"When determining whether police officers have employed excessive force in the arrest context, the Supreme Court has instructed that courts should examine whether the

---

[3] Another reason why plaintiff cannot claim lack of probable cause is that she admits that she initially refused to hand over her license.  *See*, FAC, at ¶17 ("plaintiff initially refused to provide her license until Defendant Artola told her why she was being detained . . ."); *see*, *also*, *Evans v. Solomon*, 681 F. Supp. 2d 233, 248 (E.D.N.Y. 2010) ("Sgt. Solomon undoubtedly had probable cause to arrest Plaintiff based either on Plaintiff's traffic infraction or on his refusal to furnish a driver's license"); *People v. Griffin,* 116 Misc.2d 751 (Sup.Ct.1982) (noting that individuals could be arrested for failure to produce registration or license).

use of force is objectively unreasonable 'in light of the facts and circumstances confronting them, without regard to [the officers'] underlying intent or motivation.'" *Jones v. Parmley,* 465 F.3d 46, 61 (2d Cir. 2006), *quoting Graham v. Connor,* 490 U.S. 386, 397 (1989). "[N]ot every push or shove, even if it may later seem unnecessary in the peace of a judge's chambers, violates the Fourth Amendment." *Graham,* 490 U.S. at 397, *quoting Johnson v. Glick,* 481 F.2d 1028, 1033 (2d Cir.1973). "'Assault and battery claims under New York [law] are analogous to excessive force claims under the Fourth Amendment,' and so courts evaluate such claims 'pursuant to the same standards.'" *McColley v. Cty. of Rensselaer*, 2012 WL 1589022, at *14–15 (N.D.N.Y. 2012), *quoting Minasi v. City of Utica, N.Y.,* 2011 WL 6842988, at *8 (N.D.N.Y. 2011).

According to the allegations in the FAC, Artola "grabbed" plaintiff "and yanked her out of the vehicle" and plaintiff "instinctually reacted by pulling away from his grasp." FAC, at ¶18. Artola then grabbed plaintiff with both hands while Harget grabbed her right arm and slammed her chest-first into her vehicle. FAC, at ¶19. This was the extent of the force used.

Such force was not excessive as a matter of law, particularly when plaintiff admits that she pulled away from Artola's grasp. *Compare*, *Figueroa v. Mazza*, No. 14-4116-CV, 2016 WL 3126772, at *11 (2d Cir. June 3, 2016) ("defendants did nothing more than "grip" plaintiff's shoulders and "'push' him out of his mother's apartment to the waiting police car" and the "officers had need to push [plaintiff] along because he lightly resisted by stiffening his legs . . . and their pushing caused him no injury"); *Barratt v. Joie*, 2002 WL 335014, at *7 (S.D.N.Y. 2002) ("Although he contends that his hands were twisted

while he was being cuffed and that the cuffs were too tight, these are normal incidents of handcuffing, and plaintiff has not alleged any special factors, such as a medical injury or pre-existing condition exacerbated by the handcuffing, that would support a conclusion that his handcuffing involved unreasonable or excessive force."); *McColley v. Cty. of Rensselaer*, 2012 WL 1589022, at *15 (N.D.N.Y. 2012) (allegations that officers "burst into" plaintiff's apartment, "shoved her, handcuffed her, and forced her to lie down for an extended period of time while they aimed guns at her" were "insufficient as a matter of law to constitute unreasonable force" and "do not reach the level of a constitutional violation or a common law tort"); *Sulkowska v. City of New York*, 129 F. Supp. 2d 274, 290–91 (S.D.N.Y. 2001) (the use of handcuffs, which are "inherently tight on the wrists," to restrain an elderly woman who was screaming and yelling, was not unreasonable under the circumstances); *Rincon v. City of New York,* 2005 WL 646080, at *5 (S.D.N.Y. Mar.21, 2005) (excessive force claim where plaintiff was thrown to the ground and handcuffed by officers with weapons drawn during a search for drugs held insufficient as a matter of law).[4]

### Point 3
### The Complaint fails to state a *Monell* Claim

To state a claim under §1983 against a municipality the plaintiff must assert that the alleged unconstitutional act "implements or executes a policy, statement, ordinance,

---

[4] *Compare, also, Lennon v. Miller*, 66 F.3d 416, 425-426 (2d Cir. 1995) (officers entitled to qualified immunity on finding that the intrusion on Fourth Amendment rights, if any, was extremely limited where officer, in the course of effecting an arrest, wrapped his arm around a woman's neck, shoulder, and arm, causing injury to her wrist).

regulation or decision officially adopted and promulgated by that body's officers [or is] visited pursuant to governmental 'custom' even though such a custom has not received formal approval through the body's official decision making channels." *Monell v. Department of Social Services of the City of New York,* 436 U.S. 658, 690-691(1978). "While no heightened pleading standard applies to §1983 claims, a plaintiff must do more than state conclusory allegations of municipal policy and practice to bring a §1983 complaint against a municipality." *Jean v. City of New York*, 2009 WL 3459469, *9 (E.D.N.Y. 2009).  To establish §1983 municipal liability "a plaintiff must allege facts tending to support, at least circumstantially, an inference that such a municipal policy or custom exists." *Santos v. New York City*, 847 F. Supp. 2d 573, 576 (S.D.N.Y. 2012), *citing Dwares v. City of New York,* 985 F.2d 94, 100 (2d Cir.1993).

"Additionally, to establish "deliberate indifference" for a failure train or supervise claim, the plaintiff must show (1) "that a policymaker knows 'to a moral certainty' that her employees will confront a given situation;" (2) "that the situation either presents the employee with a difficult choice of the sort that training or supervision will make less difficult or that there is a history of employees mishandling the situation;" and (3) "that the wrong choice by the ... employee will frequently cause the deprivation of a citizen's constitutional rights." *Santos*, 847 F. Supp. 2d at 576, *quoting Walker v. City of New York*, 974 F.2d 293, 297-98 (2d Cir. 1992). "This stringent standard for failure to train or supervise claims ensures that the misdeeds of a subordinate employee do not 'unduly threaten [a municipality's] immunity from *respondeat superior* liability' under §1983." *Santos*, 847 F. Supp. 2d at 576, *quoting Oklahoma City v. Tuttle,* 471 U.S. 808, 830

11

(1985).  "[S]peculative and conclusory allegations of an unlawful custom and practice are

insufficient to support a [*Monell* ] claim of municipality liability", *Irish v. City of New

York,* 2010 WL 5065896, at *5 (S.D.N.Y. 2010), and "a single incident alleged in a

complaint, especially if it involved only actors below the policymaking level, does not

suffice to show a municipal policy." *DeCarlo v. Fry,* 141 F.3d 56, 61 (2d Cir. 1998).

It is clear under these standards that the FAC fails to provide the particularization

necessary to support a claim against the City of Middletown.  The FAC's allegations as to

the Police Department's deficient in-service training being the proximate cause of

Artola's and Harget's conduct, FAC, at ¶51, are purely conclusory; as are plaintiff's

allegations concerning the City's failure "to discipline, train, supervise or otherwise

correct improper, illegal conduct of the individual defendants in this and in similar cases

involving misconduct." FAC, at ¶52.[5]  *Compare, Clayton v. City of New York*, 596

F.Supp. 355, 359 (S.D.N.Y. 1984) ("No *facts* are alleged to support the naked allegation

that a 'long established custom' exists.  Indeed, not even a single other incident is

detailed.  Furthermore, no *facts* are alleged supporting the bare assertion that 'the

responsible officials . . . did not have any program which would alter this long standing

practice and custom.'  This is clearly insufficient under the precedent in this Circuit.")

(emphasis in original); *Bradley v. City of New York,* 2009 WL 1703237, at *3 (E.D.N.Y.

2009) (dismissing municipal liability claim where "[c]omplaint's conclusory, boilerplate

---

[5] Neither the FAC's allegations as to the manner in which the Police Department investigates
complaints of misconduct, which are also conclusory, nor the allegations as to Tobin's
"hostility" at the Police Station support or corroborate the FAC's "failure to train" claim.

language – that the City 'fail[ed] to adequately train, discipline, and supervise' employees and 'fail[e]d to promulgate and put into effect appropriate rules and regulations applicable to the duties and behavior' of its employees" – was insufficient to raise an inference of the existence of a custom or policy); *In re Dayton*, 786 F.Supp.2d 809, 822-823 (S.D.N.Y. 2011) (factual allegations regarding *Monell* liability too conclusory to survive a motion to dismiss where they state that the City has, on information and belief, "negligently failed to properly administer its agencies[,] departments [,] personnel[,] and the like in regard to the maintenance, design, supervision and control over those accused and detained").[6]

In sum, given plaintiff's failure to plead any non-conclusory facts supporting the existence of a municipal policy or custom her §1983 claims against the City of Middletown must be dismissed.

### Point 4
### The FAC's State-Law Claims must be dismissed for
### Failure to Comply with NYS General Municipal Law §50-e

"[I]n a federal court, state notice-of-claim statutes apply to state-law claims." *Hardy v. N.Y.C. Health & Hosps. Corp.,* 164 F.3d 789, 793 (2d Cir.1999). "In New York,

---

[6] *See*, *also*, *Morpurgo v. Incorporated Village of Sag Harbor*, 2010 WL 889778, 13 (E.D.N.Y. 2010) ("Plaintiff has failed to sufficiently allege that the Sag Harbor Defendants' purported conduct resulted from any government custom, policy, pattern or practice which violated her rights."); *Abreu v. City of New York*, 657 F.Supp.2d 357, 360-361 (E.D.N.Y. 2009) (while complaint "succinctly states one of the core legal concepts animating *Monell* liability[,] . . . it does absolutely nothing else.  No factual matter of any kind accompanies plaintiff's rote recitation of *Monell*.  And the sparse facts that elsewhere make their way into the pleading, and which outline a single, detached incident of misconduct by a few non-policy level officers, in no way suggests a deliberate choice by municipal policymakers to turn a blind eye to unconstitutional conduct.").

filing a[n]otice of [c]laim with a municipality is a condition precedent to commencing a tort claim against any employee of that municipality." *Chamberlain v. City of White Plains,* 986 F.Supp.2d 363, 396 (S.D.N.Y. 2013). "Failure to comply with [notice of claim] requirements ordinarily requires a dismissal for failure to state a cause of action." *Hardy*, 164 F .3d at 794.

"'General Municipal Law §50-e makes unauthorized an action against individuals who have not been named in a notice of claim.'" *DC v. Valley Cent. Sch. Dist .,* 2011 WL 3480389, at * 1 (S.D.N.Y. 2011), *quoting Tannenbaum v. City of N.Y.,* 30 A.D.3d 357, 358 (1st Dept. 2006). "As to the identities of the potential defendants, the Court must construe the notice of claim strictly to ensure that the defendants are properly named as respondents in the notice of claim." *DC v. Valley Cent. Sch. Dist.,* 2011 WL 3480389, at *2. "Failure to direct a claim to an individual defendant or otherwise notify defendant that he was the 'intended object[ ] of the impending litigation' does not fulfill General Municipal Law §50-e's requirements." *DiRuzza v. Vill. of Mamaroneck, N.Y.*, No. 14 CV 1776 VB, 2014 WL 6670101, at *2 (S.D.N.Y. 2014), *quoting White v. Averill Park Cent. Sch. Dist.,* 195 Misc.2d 409, 412 (Sup.Ct. Rensselaer Co. 2003).[7]

In *DiRuzza*, the notice of claim

identified a single respondent – the Village. . . [the defendant police detective] Carroll is not identified as a respondent in the notice of claim. Plaintiff did, however, include allegations against Carroll in the accompanying narrative to his notice of claim. For example, he stated: "Carroll has engaged in harassing and violent behavior in the past"; and "Carroll has engaged in a harassing and

---

[7] *But*, *see*, *Kennedy v. City of Albany*, 2015 WL 6394513, at *4 (N.D.N.Y. 2015) ("The Court does not estimate that the New York Court of Appeals would impose the additional requirement of naming the individual officers where the language of the statute does not require it.").

threatening course of conduct against [plaintiff] since 2012 . . . causing [ ] severe emotional distress for [plaintiff]."

The *DiRuzza* Court held that the claims against Carrol must be dismissed on the ground that the notice of claim "gave no notice to the Village 'that it should look into claims against [] individuals,' because notice was directed to the Village." *DiRuzza*, 2014 WL 6670101, at *3, *citing White,* 195 Misc.2d at 412; *Schafer v. Hicksville Union Free Sch. Dist.,* 2011 WL 1322903, at *11 (E.D.N.Y. March 31, 2011) (A plaintiff "may not file a notice of claim naming a municipal entity and then commence an action against a roster of individual municipal employees."

As in *DiRuzza*, plaintiff's Notice of Claim was not directed to any individual officer but was directed *solely* to the City of Middletown.  It is captioned, "In the Matter of the Claim of MONIQUE FEASTER against CITY OF MIDDLETOWN, et. al."  The caption does not set forth the name of any individual police officer.  The Notice of Claim begins by stating, "PLEASE TAKE NOTICE that the claimant herein makes claim and demand against the City of Middletown as follows . . ."  Nowhere in the Notice of Claim is it stated that a "claim and demand" is being made against any individual officer.  The factual allegations of the Notice of Claim state that "Plaintiff was falsely arrested and subjected to excessive force . . . by as yet unknown members of the Middletown Police Department; though upon information and belief, one of the Officers involved was Ahmed Artola."  The Notice of Claim contains no other mention of individual officers. The Notice of Claim ends by stating, "PLEASE TAKE FURTHER NOTICE that by reason of the forgoing, in default of the City of Middletown to pay to the claimant the

sum of . . . $5,000,000 . . . claimant intends to commence an action against the City of Middletown to recover said sum . . ." The Notice of Claim does not state that any claim is being made or any action will be asserted against Artola or any other individual officer, either named or designated as "John Doe".

In the most recent decision on point, *Alvarez v. City of New York*, 134 A.D.3d 599 (1st Dept. 2015), the notice of claim against the defendant City of New York and "the New York City Police Department" alleged that the plaintiff was the subject of assault, battery, excessive force, police brutality, false imprisonment and false arrest but it did not specifically name any members of the NYPD responsible for these alleged acts nor did it contain a generic reference to individual officers such as "Police Officer John Doe" or any similar language indicating that the plaintiff was making a claim against any police officers individually. The Appellate Division summarily affirmed a CPLR 3211 dismissal of the state law claims against the individual police officer defendants where the motion court, citing *Tannenbaum*, *supra* and *Matter of Rattner v. Planning Commn. of Vil. of Pleasantville,* 156 A.D.2d 521, 526 (2d Dept. 1989), had noted that "since the amended complaint alleged that the individual defendants were liable for the conduct undertaken in their official capacities, such claims had to be dismissed where they were not specifically named in the notice of claim." *Alvarez*, 134 A.D.3d at 600.[8]

---

[8] Defendants submit that the reasoning in the concurring opinion in *Alvarez* is more persuasive than the earlier reasoning in *Kennedy*. *See*, Footnote 6, above. But even if this Court were to follow *Kennedy*, rather than *Alvarez* and *DiRuzza*, the state-law claims against Tobin would still have to be dismissed as time-barred. *See*, *e.g.*, *Holmes v. City of New York*, 132 A.D.3d 952, 953 (2d Dept. 2015) (1 year and 90 day limitations period under Gen. Mun. Law §50-i applicable to individual defendants); *Alsaidi v. City of New York*, No. 12-CV-5771 PKC, 2013 WL 4052880,

Based upon the holding *Alvarez*, as well as the holding in *DiRuzza*, the state claims against defendants Artola, Harget and Tobin must be dismissed for failure to comply with the notice of claim requirements under General Municipal Law §50-e.

## CONCLUSION

Based upon the foregoing the First Amended Complaint should be dismissed.

Dated:  Middletown, New York
          August 10, 2016

                              ALEX SMITH (AS 5052)
                              Assistant Corporation Counsel of the
                              City of Middletown
                              Attorney for Defendants
                              16 James Street
                              Middletown, NY 10940


                              s/*Robert N. Isseks*
                              _____
                              ROBERT N. ISSEKS (RNI 0241)
                              Of Counsel
                              6 North Street
                              Middletown, New York 10940
                              (845) 344-4322

---

at *1 (E.D.N.Y. 2013) ["the state law causes of action against the Individual Officers should be dismissed because a notice of claim was not filed within ninety days and the action was not commenced within one year and ninety days, as required by N.Y. Gen. Mun. L. §§ 50–e(1)(a), 50–i(1)(c)"].